[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11161
Non-Argument Calendar
_____

D. C. Docket No. 04-01415-CV-ORL-28-KRS

GARY L. MOCK,

Plaintiff-Appellant,

versus

BELL HELICOPTER TEXTRON, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 23, 2006)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

This is an age-discrimination-in-employment case. Gary Mock claims that

Bell Helicopter Textron, Inc. ("Bell") terminated his employment on account of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. The district court granted Bell summary judgment, and Mock appeals. He contends that material issues of fact exist as to whether Bell's legitimate, nondiscriminatory reason for his termination was a pretext for age discrimination.

In addressing Bell's motion for summary judgment, the district court properly considered the evidence under the McDonnell Douglas[1] framework because Mock was attempting to establish his claim with circumstantial evidence. Where, as in this case, the plaintiff establishes a prima facie case, which means that the plaintiff has created a presumption of unlawful discrimination, the employer must respond with a legitimate, nondiscriminatory reason for the challenged employment decision. Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000). If the defendant so responds, the presumption of discrimination collapses and, to avoid dismissal of his claim, the plaintiff must come forward with evidence (which, of course, includes the evidence that established the prima facie case) sufficient to permit a reasonable trier of fact to find that the reason the employer gave was not the real reason for the adverse employment decision, but, instead,

---

[1] See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973).

was a pretext for discrimination, i.e., was "a coverup for a . . . discriminatory decision." Rojas v. Florida, 285 F.3d 1339, 1342 (11th Cir. 2002). If the plaintiff fails to do this, the employer is entitled to summary judgment.

We are satisfied that Mock presented sufficient evidence to create a genuine issue of material fact as to whether Bell's reason for his termination was a pretext for age discrimination. There is a dispute as to when Bell informed Mock of the reason for his termination. At the time Bell informed him that he was being fired, he insisted that it give him the reason for its decision. Bell refused to do that. It was not until later, in a letter, that it told him that he had been terminated for unacceptable performance. In light of Bell's refusal to tell Mock – at the time it fired him – why his employment had come to an end, a trier of fact reasonably could find that the letter constituted a pretext for discrimination.

In sum, we agree with Mock that a genuine issue of fact remains as to whether Bell's announced reason for his termination was a pretext for discrimination. Summary judgment was therefore inappropriate.

VACATED and REMANDED.